## Denver Township Mutual Fire Ins. Co. v. Caspar Resor et al.

1. INSURANCE—*Representations in the Application as to Title—Joint Ownership—Incumbrances.*—Where a policy of insurance is issued to joint owners of property upon a warranty in the application that such property is free from incumbrance. a mortgage by one of the joint owners upon his interest in force at the time is such a breach of the warranty as precludes a recovery upon the policy.

2. PRESUMPTIONS—*As to Defenses in Suits upon Policies of Insurance.*—While forfeitures as defenses by insurance companies to suits upon policies are not favored in law, there is no presumption of fact either in favor of them or against them.

Assumpsit, on a policy of insurance. Appeal from the County Court of Richland County; the Hon. PARKE HUTCHINSON, Judge, presiding. Heard in this court at the August term, 1900. Reversed and remanded. Opinion filed March 11, 1901.

JOHN LYNCH, JR., attorney for appellant.

H. G. MORRIS, attorney for appellees.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Suit upon policy of insurance. Judgment for appellees for $290. Appellant filed plea of general issue and two special pleas, which were in substance as follows:

" The application referred to in this policy is made a part of this contract, and the assured stipulates and agrees that his interest in the property is correctly stated therein, and

that the statements and representations, and each of them, therein contained, are true and shall be taken and deemed as warranties on his part. This policy is issued upon the understanding and in reliance upon the assured that he holds the legal title and is the sole and entire owner, free from incumbrance, of all and singular the property insured by this policy when not otherwise expressed in said application and herein, and if such assurance is not true, then this policy shall be void."

" And defendant avers that at the time of making the application for the policy of insurance, and at the time the same was issued, that the plaintiffs were not the sole and entire owners, free from all incumbrance, of all and singular, the property insured by said policy, and that a portion of said property was incumbered by a chattel mortgage, given by Fred Resor, and the same was in full force and effect. And defendant avers that the application for said policy did not state that there was any incumbrance on any part of said property and that the defendant had no notice thereof; and this the defendant is ready to verify; wherefore it prays judgment if the plaintiffs ought to have their aforesaid action against it," etc.

The second special plea is the same as the first, except that it avers that subsequent to the issuing of the policy and prior to the loss, a chattel mortgage was placed upon a part of the property insured.

A general demurrer was filed to these special pleas, which was sustained by the court and appellant abided by his pleas.

In sustaining the demurrer the court erred. The defense as set up by the special pleas was a proper defense to the action. Crikelair v. Citizens Ins. Co., 168 Ill. 310.

Appellees claimed joint ownership in the property burned. The policy was issued to them jointly. If the ownership was joint, either of the parties could mortgage his interest in the property. If either of the parties mortgaged his interest before the issuing of the policy, and the mortgage was a lien when the policy was issued or if either party mortgaged his interest subsequent to the issuing of the policy and before the loss, and the other allegations of the special pleas are true, a recovery could not be had.

The pleas presented questions of fact which should have been submitted to the jury.

Error is assigned for giving the 1st, 3d, 4th, 5th and 6th of appellee's instructions.

The first instruction is as follows:

" The jury is instructed that the law does not favor conditions of forfeiture in an insurance policy, and when a defendant insurance company relies alone upon a forfeiture of the policy as a defense to avoid the payment of a loss thereunder, it is held to a strict proof of the same, and no presumption will be indulged in to support said forfeiture; but, on the contrary, the assured is entitled to the benefit of all reasonable presumption in his favor."

This instruction is not accurate. While it is true that forfeitures as defenses of insurance companies are not favored in law, there is no presumption of fact either in favor of them or against them.

The third instruction invaded the province of the jury by the use of the word " presumption " as used in the concluding part of the instruction. The fourth instruction is faulty in referring to the *ex parte* affidavit of Fred Resor attached to the chattel mortgage. It was not evidence in the case at issue as to the fact of sole ownership of the property described in the mortgage, and the attention of the jury was improperly called to it in the instruction.

We see no substantial error in the fifth or sixth instructions.

For the reasons stated, the judgment of the County Court is reversed and the cause remanded.